**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3546-16T3

B.M.,

    Petitioner-Appellant,

v.

DIVISION OF MEDICAL ASSISTANCE
AND HEALTH SERVICES,

    Respondent-Respondent.

_____

        Argued August 14, 2018 — Decided August 29, 2018

        Before Judges Sumners and Gilson.

        On appeal from the New Jersey Department of
        Human Services, Division of Medical Assistance
        and Health Services.

        Laurie M. Higgins argued the cause for
        appellant (SB2 Inc., attorneys; John
        Pendergast, on the briefs).

        Jacqueline R. D'Alessandro, Deputy Attorney
        General, argued the cause for respondent
        (Gurbir S. Grewal, Attorney General, attorney;
        Melissa H. Raksa, Assistant Attorney General,
        of counsel; Jacqueline R. D'Alessandro, on the
        brief).

PER CURIAM

Esther Schulgasser, the authorized representative for petitioner B.M., appeals from the inaction of the Division of Medical Assistance and Health Services (Division). She contends that the Division failed to submit two of its decisions regarding B.M.'s Medicaid eligibility to the Office of Administrative Law (OAL), despite B.M.'s requests for fair hearings.

The record presented to us is confusing and incomplete. What is clear is that Schulgasser filed a series of Medicaid applications on behalf of B.M. The Passaic County Board of Social Services (County Board), denied three of those applications and partially granted another. Schulgasser contends that she requested fair hearings on all four County Board actions. That is not clear from the record. The record reflects that the Division transmitted two of the denials to the OAL, which were docketed for fair hearings. Both of those fair hearing requests were later withdrawn. The hearing requests on another denial and a partial grant were never acknowledged by the Division and, apparently, never transmitted to the OAL for hearings.

Due to the procedural deficiencies in this record, and Schulgasser's failure to preserve B.M.'s right to fair hearings, we dismiss the appeal.

What we can glean from the incomplete record before us is that Schulgasser was designated B.M.'s authorized representative in January 2016. Thereafter, Schulgasser made a series of Medicaid applications on behalf of B.M. between January 2016 and August 2016. B.M.'s first Medicaid application was denied by the County Board on February 22, 2016, for failure to provide required information. Schulgasser requested a fair hearing on that denial and, on April 18, 2016, the Division acknowledged receipt of the hearing request. On April 19, 2016, the fair hearing request was filed in the OAL under docket number 06057-16.

The County Board denied another of B.M.'s Medicaid applications on April 18, 2016. Again, the County Board advised that B.M. failed to provide required information. Schulgasser contends that she submitted another fair hearing request on May 2, 2016. It is not clear that the Division ever received that request. While the record contains a fax cover sheet dated May 2, 2016, no confirmation page was included in the appendix to show that the request was successfully delivered. In addition, the Division never acknowledged receipt of that hearing request.[1]

---

[1] In its brief, the Division contends that the fair hearing request regarding the April 18, 2016 denial was transmitted to the OAL. The documents submitted in the appendices do not support that contention.

The parties appeared in the OAL for a fair hearing on June 27, 2016. Prior to the hearing, counsel for B.M. and the Division conferenced the case and realized they were not clear about which denial was scheduled. Counsel for B.M. agreed to withdraw the hearing request for the February 22, 2016 denial, but maintained that "[a]ll other appeal/fair hearing requests remain in effect."

On July 25, 2016, counsel for B.M. wrote a letter to the administrative law judge (ALJ) to "clarify some confusion." He explained that he only intended to withdraw the hearing request for the February 22, 2016 denial, and requested that the hearing for the April 18, 2016 denial be relisted for a new date. The ALJ responded on August 15, 2016, stating that the OAL did not have any documents pertaining to the April 18, 2016 denial. Thus, the ALJ advised that if counsel intended to pursue a fair hearing on the April 18, 2016 denial, he would need to re-submit that request.

Over four months later, on December 22, 2016, Schulgasser attempted to re-submit the fair hearing request for the April 18, 2016 denial. Critically, however, she re-submitted the February 22, 2016 hearing request instead. Schulgasser submitted the incorrect hearing request for a second time on January 24, 2017. Thus, the Division was never provided with a fair hearing request for the April 18, 2016 denial of benefits. Unfortunately, while

Schulgasser was attempting to re-submit that hearing request, B.M. passed away on December 31, 2016.

In the meantime, the County Board had denied another of B.M.'s Medicaid applications on July 1, 2016. Schulgasser requested another fair hearing on that denial of benefits. The County Board acknowledged that hearing request on July 21, 2016. On August 10, 2016, the fair hearing request was filed in the OAL under docket number 11971-16.

On August 11, 2016, the County Board partially approved one of B.M.'s applications and granted her Medicaid benefits retroactively from May 1, 2016 to August 1, 2016. Schulgasser claims to have submitted yet another fair hearing request on August 22, 2016, regarding the partial grant of Medicaid benefits. That hearing request was neither acknowledged by the Division, nor docketed in the OAL.

On January 4, 2017, counsel for B.M. withdrew the fair hearing request for the July 1, 2016 denial. Counsel submitted a letter to the ALJ stating: "The Medicaid application denied by [the County Board] upon which the fair hearing is based has since been approved. I therefore ask that the fair hearing currently scheduled for tomorrow be cancelled." From what we can discern from the sparse record before us, the partial grant of Medicaid benefits on August 11, 2016, covered the benefits previously denied

by the County Board on July 1, 2016. Counsel's letter to the ALJ made no reference to a hearing request for the August 11, 2016 partial grant of benefits. To the contrary, the letter stated the Medicaid application was approved and it did not state that there was any remaining issue.

Two months later, on March 7, 2017, counsel sent a letter to the Division stating that two of B.M.'s fair hearing requests had not been transmitted to the OAL. Specifically, counsel identified the hearing requests for the April 18, 2016 denial and the August 11, 2016 partial grant. He also attached copies of those hearing requests as exhibits to the letter. The Division did not reply to counsel's letter. This appeal followed.

## II.

Schulgasser contends that the denial and partial grant of B.M.'s Medicaid applications should either be reversed, or remanded to the OAL for fair hearings. Based upon the procedural deficiencies presented on this record, and Schulgasser's failure to preserve B.M.'s right to fair hearings, we decline to reverse or compel any hearings on the April 18, 2016 denial and August 11, 2016 partial grant of B.M.'s applications.

The New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -19.5, authorizes New Jersey's participation in the federal Medicaid program. The Division is the agency within

the Department of Human Services that administers the Medicaid program. N.J.S.A. 30:4D-7. In that regard, the Division has broad authority to administer the State Medicaid programs, and issue "all necessary rules and regulations" to implement those programs. Ibid.

Under the regulations, if an application for Medicaid is denied, "[i]t is the right of every applicant . . . to be afforded the opportunity for a fair hearing in the manner established by the policies and procedures set forth in N.J.A.C. 10:49-10 and 10:69-6." N.J.A.C. 10:71-8.4(a). In that regard, applicants have the right to fair hearings when "their claims . . . are denied or are not acted upon with reasonable promptness[.]" N.J.A.C. 10:49-10.3(b). Requests for fair hearings must be submitted to the Division in writing within twenty days of the denial, reduction, or partial denial of Medicaid benefits. N.J.A.C. 10:49-10.3(b)(1) and (3).

Here, Schulgasser failed to re-submit the hearing request for the April 18, 2016 denial of benefits as the ALJ directed. Instead, she re-submitted the hearing request for the February 22, 2016 denial of benefits on two separate occasions. That fair hearing request was never perfected and, therefore, we decline to remand that matter for a hearing.

A-3546-16T3

As to the hearing request for the August 11, 2016 partial grant of benefits, the record is not clear as to what documents were actually sent to the Division in August 2016.[2] The incomplete record before us does not allow for a meaningful review of this argument. See R. 2:6-1(a)(1) (stating an appellant's appendix must contain parts of the record "essential to the proper consideration of the issues."). Accordingly, on this record, we decline to compel a hearing on the August 11, 2016 partial grant of benefits.

Having determined that B.M.'s right to fair hearings was not properly preserved, we need not decide the separate issue of whether Schulgasser's authority to pursue this appeal as B.M.'s authorized representative was extinguished when B.M. passed away in December 2016.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] The record contains a fax cover page dated August 22, 2016. The heading of that cover page, however, indicates that it was sent as a single page without attachments. The next two pages are devoid of any fax headings to establish that they were attached to the cover page, and the confirmation page is dated August 23, 2016.